IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Sammy Lee Scarborough,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>Curtis Early,<br><br>　　　　　　Respondent. | Case No.: 1:24-3646-JFA-SVH<br><br><br>**ORDER** |

    This matter is before the court on Respondent's Motion for Summary Judgment (ECF No. 26) and Return and Memorandum of Law in Support of the Motion for Summary Judgment (ECF No. 25). Sammy Lee Scarborough ("Petitioner") filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 *pro se*. (ECF No. 1, 7). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to a Magistrate Judge for initial review. Upon careful review of the parties' submissions and the record, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"), suggesting that this court grant Respondent's Motion (ECF No. 41). For the reasons set forth below, the court adopts the Report and Recommendation (ECF No. 41) and grants Respondent's Motion for Summary Judgment (ECF No. 26).

    **I.    RELEVANT BACKGROUND**

    The Report sets forth in detail the relevant facts and standards of law on this matter, and this court incorporates those facts and standards without a full recitation. However, the court will briefly summarize Petitioner's background to provide context for its findings. In 2013, a Dillon County grand jury indicted Petitioner on seven crimes committed against

1

three minors (Minor #1, Minor #2, and Minor #3): three counts of first degree criminal sexual conduct ("CSC") with a minor, three counts of disseminating harmful material to minors, and one count of engaging a child under eighteen for sexual performance. (ECF No. 25-3 at 577–90). Petitioner had a jury trial before the Honorable Paul M. Burch, Circuit Court Judge, on November 4–6, 2013. (ECF No. 25-1 at 3). After the State rested, it withdrew two of the indictments, one of the indictments for CSC with a minor and the indictment for engaging a child under eighteen for sexual performance. (ECF No. 25-2 at 55). At the conclusion of trial, the jury found Petitioner guilty on the remaining five counts. (*Id.* at 130). Judge Burch sentenced Petitioner to life imprisonment on the two CSCs with a minor, and five years on each of the three obscene material charges, to run concurrently. (*Id.* at 143).

Petitioner, represented by Attorney Kathrine Hudgins, directly appealed his convictions to the South Carolina Court of Appeals ("Court of Appeals"). (*See* ECF No. 25 at 5–6). On February 24, 2016, the Court of Appeals affirmed Petitioner's convictions and sentences in an unpublished opinion. *State v. Scarborough*, No. 2013-002458, 2016 WL 757427, at *1 (S.C. Ct. App. Feb. 24, 2016). Petitioner then filed a petition in the Supreme Court of South Carolina for a writ of certiorari, which was denied by order dated May 30, 2017. (*See* ECF No. 25 at 6). The Remittitur was issued on June 2, 2017. (*See id.*).

Petitioner filed an application for post-conviction relief ("PCR") on November 2, 2017. (ECF No. 25-2 at 146). The PCR Court convened an evidentiary hearing on July 23, 2018. (*Id.* at 169). Petitioner was present at the hearing and represented by Attorney Lance

Boozer. (*Id.*). In an Order of Dismissal filed October 9, 2018, the PCR Court denied and dismissed the PCR application with prejudice. (ECF No. 25-3 at 55–78).

Petitioner appealed the PCR denial in a petition for writ of certiorari to the South Carolina Supreme Court, raising the claim that counsel was ineffective for failing to object to the Solicitor allegedly bolstering the child victim's testimony during his closing argument. (ECF No. 25-4 at 3). On September 27, 2023, the Court of Appeals issued an unpublished opinion affirming the PCR Court's decision. *Scarborough v. State*, No. 2018-001898, 2023 WL 6292493, at *1 (S.C. Ct. App. Sept. 27, 2023). The remittitur was issued on October 17, 2023, and filed on October 19, 2023. (ECF No. 25-11).

Petitioner filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2254 on June 24, 2024. (ECF No. 1). Petitioner filed an amended petition on July 18, 2024. (ECF No. 7). Respondent filed his Motion for Summary Judgment (ECF No. 26) and Return and Memorandum of Law in Support of Motion for Summary Judgment (ECF No. 25) on December 9, 2024. Petitioner responded to Respondent's Motion (ECF No. 39) and Respondent filed a Reply to Petitioner's Response (ECF No. 40). The Magistrate Judge then issued her Report on March 14, 2025, recommending this court grant Respondent's Motion. (ECF No. 41). Petitioner filed objections to the Report (ECF No. 47). Respondent filed a response to Petitioner's objections (ECF No. 48) and Petitioner filed a reply to Respondent (ECF No. 50). This matter is now ripe for the court's review.

## II.  LEGAL STANDARD

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final

3

determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court may accept, reject, or modify the report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b). A district court is only required to conduct a *de novo* review of the specific portions of the magistrate judge's report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Objections must be specific and must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the magistrate judge's report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). "Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to— including those portions to which only 'general and conclusory' objections have been

made—for clear error." *Id.* (citing *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

The legal standard employed in a motion for summary judgment is well-settled and correctly stated within the Report. (ECF No. 41 at 14–15). Because Petitioner is representing himself, each of these standards must be applied while liberally construing his filings in this case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III. DISCUSSION

As stated in the Report, Petitioner raises the following grounds for relief in his amended habeas petition:

> **Ground One:**
> Denial of effective assistance of counsel where counsel failed to object to solicitor vouching for the testimony of minor children, where the comment was made during closing argument that children "don't make this stuff" when no physical evidence was recovered in this case.
>
> **Ground Two:**
> Trial judge abused his discretion in refusing to sever seven different indictments naming three different child victims when the State failed to demonstrate that the three groups of alleged offenses were of the same general nature, failed to prove that the offenses arose out of a single chain of circumstances and were provable by the same evidence and the Petitioner was prejudiced by the improper joint trial.
>
> **Ground Three:**
> The judge erred in admitting Rule 404(b) evidence when the State failed to prove that the prior act was relevant and the prior act did not meet the common scheme or plan exception to Rule 404(b).
>
> **Ground Four:**
> The trial judge abused his discretion in refusing to declare a mistrial after Minor #2 denied the allegations in one of the indictments and later in the trial the forensic interviewer and the investigator from the Attorney General's Office confirmed that Minor #2 had denied the allegation contained in the indictment.

> **Ground Five:**
> The trial judge erred in refusing to direct a verdict of acquittal on the three dissemination of obscene material charges when the State did not introduce any purported obscene material and relied only on the testimony of the child witnesses.

(ECF No. 41 at 9–14 (citing ECF No. 7 at 6, 9–10, 12–13, 16–19)). In the Report, the Magistrate Judge explained that the parties agree Petitioner's claims are not barred by the applicable statute of limitations, he has properly exhausted all grounds, and his grounds are not procedurally-barred. (ECF No. 41 at 24). The Magistrate Judge then addressed the substance of the Petition.

As to Ground One, the Magistrate Judge agreed with Respondent that Petitioner's argument fails for two reasons. (ECF No. 41 at 27). First, Petitioner's argument ignores the well-articulated defense and trial strategy used by trial counsel. (*Id.*). Second, even if trial counsel were deficient by not objecting to the solicitor's comment, Petitioner was not prejudiced by trial counsel's failure because the Solicitor's comment was not objectionable and did not affect the outcome of Petitioner's trial. (*Id.*).

Turning to Ground Two, the Magistrate Judge concurred with the Court of Appeals' finding that consolidation of the indictments was appropriate because they were of the same general nature, each victim was a necessary witness for the others, and they were closely related in kind, place, and character in accordance with *State v. Jones*, 479 S.E.2d 517 (S.C. Ct. App. 1996). (ECF No. 41 at 31 (citing ECF No. 25-1 at 9–11)). The Magistrate Judge determined that Petitioner failed to show the Court of Appeals reached a decision that was contrary to or an unreasonable application of precedent or an unreasonable determination of the facts given the evidence and record. (ECF No. 41 at 31).

Addressing Ground Three, the Magistrate Judge found that the trial court properly allowed the evidence of a victim not named in the indictment as part of a common scheme or plan based on the similarities to the acts charged. (ECF No. 41 at 33).

The Magistrate Judge recommended dismissal of Ground Four upon finding no support in the record to indicate that the trial court erred in denying Petitioner's motion for a mistrial. (ECF No. 41 at 36). Thus, Petitioner failed to overcome the heavy burden to show the trial judge should have granted his motion for mistrial. (*Id.*). Moreover, the Magistrate Judge noted even if the trial court erred in denying the motion for a mistrial, Petitioner failed to show prejudice resulting from the denial. (*Id.*).

As to Ground Five, the Magistrate Judge determined the trial court properly denied Petitioner's motion for directed verdict of acquittal on the dissemination of obscene material charges despite the State's alleged failure to introduce any purported obscene materials. (ECF No. 41 at 38–39). The Magistrate Judge explained the statute does not require production of the actual obscene materials and found the testimony of the victims was sufficient direct evidence to withstand the directed verdict motion and allow the case to go to the jury. (*Id.*).

Petitioner objects to the Magistrate Judge's denial of relief as to each of Petitioner's grounds on the basis the Magistrate Judge did not construe disputed facts in the non-moving party's favor, did not find his grounds cognizable, and denied him relief under the appropriate standard of review. (ECF No. 47 at 4, 6). But these objections fail to offer a specific reference to the Report which would allow the undersigned to focus on any issue, either factual or legal, that Petitioner feels has been reached in error. For example,

Petitioner claims the Magistrate Judge did not find his claims cognizable. However, the Magistrate Judge specifically stated that given the recommendations given in the Report, she need not address Respondent's additional arguments for dismissal as to Grounds Two, Three, Four, and Five, that these grounds are not cognizable on federal habeas review. (ECF No. 41 at 39 n.4 (citing *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (holding a state court's interpretation of state law including one announced on direct appeal, binds the federal court sitting in habeas corpus); 28 U.S.C. Section 2254 (federal habeas is available only for violations federal constitutional law); *Estelle v. McGuire*, 502 U.S. 62 (1991))).

At bottom, Petitioner's objections are that he disagrees with the Magistrate Judge's recommendation. Because Petitioner has failed to offer any specific objections which would allow for a *de novo* review, this court is only required to review the Report for clear error and is not required to give an explanation for adopting the recommendation. *See Camby*, 718 F.2d at 199. To the extent any of Petitioner's arguments could constitute specific objections, they are overruled. Petitioner failed to show that his trial counsel was ineffective or that the trial judge erred in its evidentiary holdings or denial of Petitioner's motions. Accordingly, the court grants Respondent's Motion and finds Petitioner is not entitled to habeas relief.

### IV.  CONCLUSION

After carefully reviewing the applicable law, the record in this case, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's Report fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the court adopts the Report and Recommendation (ECF No. 41), grants

Respondent's Motion for Summary Judgment (ECF No. 26), and dismisses Petitioner's habeas petition with prejudice.

Pursuant to 28 U.S.C. § 2253(c), a certificate of appealability may issue if an applicant has made a substantial showing of the denial of a constitutional right. A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

May 12, 2025
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge